IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW LYONS )
) No. 19-466
v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed an application for disability insurance benefits, alleging disability due to mental impairments. His application was denied initially, and upon video conference hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied, and this matter remanded for further proceedings.

**OPINION**

**I.     STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.     THE PARTIES' MOTIONS

Plaintiff argues that the ALJ arrived at a residual functional capacity ("RFC") that failed to account for limitations reflected in medical opinion of record. In particular, Plaintiff contends that the RFC failed to account for multiple limitations opined to by Dr. Ross, an agency psychological consultant, despite affording Dr. Ross' opinion great weight.

Dr. Ross, in her opinion, found Plaintiff markedly limited in interacting with the general public, and moderately limited in various areas touching on interactions with co-workers, such as the ability to get along with co-workers and peers, and the ability to accept instructions from supervisors.  The ALJ did not separately address the degree of impairments that Dr. Ross opined to. Instead, he addressed Dr. Ross' opinion briefly, noting as follows:

> Shelley Ross, Ph.D….opined that the claimant was able to meet the basic mental demands of competitive work on a sustained basis despite the limitations resulting from his impairments…Her assessment is consistent with the evidence as a whole including the opinion of the consultative examiner, Dr. Miller. It is given substantial weight.

The ALJ noted that Dr. Miller, a consulting examiner, opined that Plaintiff had moderate limitations in his ability to interact appropriately with coworkers, supervisors, and the public. This assessment was deemed "consistent with the evidence as a whole including [Dr. Miller's] own clinical evaluation," and given "substantial weight."  Dr. Mohamed Ismael, Plaintiff's treating physician, submitted a medical source statement, in which he opined that Plaintiff had marked limitations regarding the ability to interact appropriately with supervisors, co-workers, and the public. Without further explanation, and without noting Dr. Ismael's treating status, the ALJ concluded that Dr. Ismael's assessment was "not consistent with the evidence of record including the opinions of Dr. Ross or Dr. Miller."  Ultimately, the ALJ arrived at an RFC that included limitations of simple, routine, and repetitive tasks, simple work-related decisions, and frequent interaction with supervisors but only occasional interaction with coworkers or the public.[1]

It is axiomatic that an ALJ may reject all or part of the medical evidence, but must give some reason for discounting the rejected evidence. "The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." SEC

---

[1] Limitation to "frequent" interaction has been held sufficient to account for moderate limitations. See, e.g., Smith v. Berryhill, No. 17-0305, 2017 U.S. Dist. LEXIS 198806, at *19 (D. Colo. Dec. 1, 2017).

v. Chenery Corp., 318 U.S. 80, 87, 63 S.Ct. 454, 87 L.Ed. 626 (1943). I have found remand warranted, for example, when an ALJ recounted various limitations found in a particular medical opinion, gave the whole opinion significant weight, and then failed to account for the recounted limitations in the RFC.  See, e.g., Bebout v. Berryhill, No. 17-667, 2018 U.S. Dist. LEXIS 114086 (W.D.Pa. Jul. 10, 2018).

While the situation differs here, it remains that the ALJ's decision lacks sufficient information to allow for meaningful review.  The ALJ merely stated, regarding Dr. Ross, that "[h]er assessment" was given substantial weight. It appears that the ALJ did not intend to afford substantial weight to the entirety of Dr. Ross' opinion; if so, the reasons therefor are unclear. Further, if the ALJ intended to accept only the last concluding sentence of Dr. Ross' multi-page assessment, and reject the remainder – which included both marked and moderate limitations – he offers few clues as to why.  Notably, as well, Dr. Ross indicated that the record was insufficient to support a decision on Plaintiff's claim.  In addition, Dr. Ismael's opinion was given "little weight" in part due to its inconsistency with Dr. Ross' opinion; both sources, however, were consistent in certain respects. For example, both found marked limitations in Plaintiff's ability to interact appropriately with the public.  While I agree with Defendant that the record contains several possible explanations for the ALJ's approach, the Court is disinclined to engage in guesswork in this particular case. [2]

---

[2] I note, too, that the ALJ repeatedly referred to Plaintiff's failure to maintain regular mental health treatment. Omitting investigation into an explanation of a claimant's noncompliance may be significant, if noncompliance factors into the ALJ's analysis.  See, e.g., Goudy v. Berryhill, No. 17-1113, 2019 U.S. Dist. LEXIS 85304, at *22 (E.D. Pa. Apr. 10, 2019).

## CONCLUSION

This matter is remanded to afford the ALJ an opportunity to provide additional explanation regarding the weight afforded the medical opinion of record, which portions of those opinions were rejected, and the grounds therefor.   An appropriate Order follows.

BY THE COURT:

_Donetta F. Ambrose_
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

DATED:  May 14, 2020

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW LYONS )
) No. 19-466
v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY

## ORDER

AND NOW, this 14th day of May, 2020, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED, and this matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court